**MOBLEY et al. v. LUSK et al., Receivers.**

No. 9434—Opinion Filed April 20, 1920.

(Syllabus by the Court.)

**Appeal and Error—Verdict—Sufficiency of Evidence—Action for Loss of Building by Fire.**

Where a building is destroyed by fire, and the testimony for the most part is conflicting as to the cause of the fire, and the issues are properly submitted to the jury by the court, the verdict will not be disturbed on appeal, where it is reasonably supported by the evidence submitted.

Error from District Court, Latimer County; W. H. Brown, Judge.

Action by T. P. Mobley and another against James W. Lusk and others, receivers for the St. Louis & San Francisco Railroad Company, for loss from fire. Judgment for defendants, and plaintiffs bring error. Affirmed.

Oglesby, Cravens & Oglesby, for plaintiffs in error.

W. F. Evans, R. A. Kleinschmidt, and Fred E. Suits, for defendants in error.

HARRISON, J. On the night of October 16, 1914, T. P. Mobley's store, containing a stock of goods, in Bengal, Oklahoma, was burned. The stock was insured in the Northern Assurance Company. The insurance company paid $2,250 on the policy. Afterwards the parties concluded that the fire had been caused by a spark from a passing engine, and the insurance company, having subrogated itself to the rights of Mobley, brought suit against the railroad company for the damages.

The fire occurred in the nighttime. No one, so far as the testimony shows, knew positively how it started. The case was tried on the theory that it was started by a flying spark; a number of witnesses testified as to the possibility of flying sparks starting fire to a building that far away, about 150 feet from the track, one side being roofed with corrugated iron and the other with roofing rubber.

The testimony was all heard by the jury, and the issues properly submitted by the court. The jury returned a verdict in favor of the railroad company.

We have not found any reversible error in the record, nor any fault with the verdict of the jury, and see no reason why it should not be allowed to stand. Complaint is made of some of the instructions of the court, but we find no substantial error contained in same.

Complaint is also made of the suppression of the depositions of one William Farley. This deposition, however, was mere conjecture, and we do not consider its suppression reversible error; in fact, we do not believe, from the entire record, that its admission would have changed the result of the verdict.

Having read the record and the instructions of the court, it is our opinion that the verdict and judgment should stand. The judgment is, therefore, affirmed.

OWEN, C. J., and RAINEY, PITCHFORD, JOHNSON, HIGGINS, and BAILEY, JJ., concur.